**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rolando Mariano ISON, Defendant–
Appellant.**

**No. 03–50042.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 17, 2003.

Ronald L. Cheng, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, Joey

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

L. Blanch, Esq., USR–U.S. Attorney's Office Riverside,Riverside, CA, for Plaintiff–Appellee.

Michael J. Treman, Esq., Michael J. Treman, Attorney at Law, Santa Barbara, CA, for Defendant–Appellant.

Before: KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Rolando Mariano Ison appeals his 18–month sentence imposed pursuant to a guilty plea for possession of mail in violation of 18 U.S.C. § 1708. We have jurisdiction pursuant 18 U.S.C. § 3742, and we affirm.

Ison first contends that the government breached the plea agreement by making arguments and presenting documents to establish an intended loss amount greater than the amount stipulated in the agreement. Because Ison failed to raise his claim below, we review for plain error. *See United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir.2000). We find no error where the government provided the court and the probation office with information not considered in the initial PSR, and where the government consistently stood by the stipulated loss amount. *Id.* at 1052 (deciding that notwithstanding its obligations under a plea agreement, the government has "a duty to ensure that the court has complete and accurate information, enabling the court to impose an appropriate sentence").

Ison also contends that the district court erred in its calculation of the intended loss amount under U.S.S.G. § 2B1.1 by using the face amount of the stolen checks. Ison's contention is unpersuasive. *See*

*United States v. Riley*, 143 F.3d 1289, 1292 (9th Cir.1998) (deciding in a tax fraud case that the district court did not err in calculating the intended loss by using the face amount of false tax refund claims); *see also* § 2B1.1 cmt. n. 2(C) (stating that the court only need make a reasonable estimate of the loss).

Further, Ison's contention that the court erred by not holding an evidentiary hearing on the intended loss amount is unpersuasive. *See United States v. Sarno*, 73 F.3d 1470, 1502 (9th Cir.1995) (deciding that "[a] district court may permissibly deny a hearing where a defendant is allowed to rebut the recommendations and allegations of the presentence report").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

